IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-01685-PAB

JAMES PAUL KALHORN,

　　　　Plaintiff,

v.

ANDY PHAM,

　　　　Defendant.

---

**ORDER TO SHOW CAUSE**

---

　　　　The Court takes up this matter *sua sponte* on the complaint [Docket No. 2] filed by plaintiff James Paul Kalhorn. Plaintiff claims that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 2 at 1, ¶ 3.

　　　　In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."), *abrogated on other grounds by Dart Cherokee Basin*

*Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Id.* Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiff invokes 28 U.S.C. § 1332 as the basis for this Court's diversity jurisdiction. Docket No. 2 at 1, ¶ 3. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States." The facts as presently averred, however, do not provide sufficient information regarding the citizenship of defendant.

The complaint states, "[u]pon information and belief, Defendant Andy Pham is a citizen and resident of the State of Nevada with an address of 6040 South Durango Drive, #105, Las Vegas, Nevada 89113." Docket No. 2 at 1, ¶ 2. First, the Court reads plaintiff's averment "[u]pon information and belief" to mean that plaintiff does not have affirmative knowledge of defendant's citizenship. Such unsupported allegations do not confer subject matter jurisdiction over this case. *See Yates v. Portofino Real Estate*

*Props. Co., LLC*, No. 08-cv-00324-PAB-MJW, 2009 WL 2588833, at *3 (D. Colo. Aug. 17, 2009) (requiring plaintiff to "address the citizenship of each of [defendant's] members without resorting merely to their 'information and belief' as to the same"); *U.S. Fire Ins. Co.*, 2009 WL 2338116, at *3 (interpreting allegations based on "information and belief" to "mean that plaintiffs have no affirmative knowledge of a lack of diversity"). Second, the address provided for defendant appears to be a business address, rather than a residence. The information provided by plaintiff is insufficient because it does not allow the Court to independently assess the alleged jurisdictional basis. *See U.S. Fire Ins. Co.*, 2009 WL 2338116, at *3; *Affordable Cmty. of Mo. v. EF & A Capital Corp.*, 2008 WL 4966731, at *2-3 (E.D. Mo. Nov. 19, 2008) (statement that none of the unidentified members of an LLC was a citizen of a particular state was insufficient to establish diversity of citizenship).

For the foregoing reasons, it is **ORDERED** that, on or before **5:00 p.m. on July 24, 2018**, plaintiff James Paul Kalhorn shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED July 11, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge