**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO**

Civil Action No. 1:18-CV-01685-KMT

JAMES PAUL KALHORN,

        Plaintiff,

v.

ANDY PHAM,

        Defendant

---

**MOTION FOR PROTECTIVE ORDER**

---

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff James Paul Kalhorn ("Dr. Kalhorn") moves the Court for a protective order, and in support states as follows:

1. **Certificate of Conferral Pursuant to D.C.COLO.LCivR 7.1(a).**

Undersigned counsel has conferred with counsel for Defendant. Defendant opposes this Motion.

**APPLICABLE LAW**

2. Under the Federal Rules,

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, or undue burden or expense, including one or more of the following:
>
> * * *
>
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;

1

> \* \* \*
>
> (E)  designating the persons who may be present while the discovery is conducted;
>
> (F)  requiring that a deposition be sealed and opened only on court order;
>
> (G)  requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way; and
>
> (H)  requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c).

## BACKGROUND

3. Mr. Pham has promulgated discovery requests to Dr. Kalhorn, including Interrogatories, Requests for Admissions, and Requests for Production of Documents. *See* **Exhibit 1** (Def. Andy Pham's First Set of Interrogatories to Pl. James Kalhorn (Oct. 22, 2019); Def. Andy Pham's First Set of Requests for Admission to Pl. James Kalhorn (Oct. 22, 2019); Def. Andy Pham's First Set of Requests for Production of Documents to Pl. James Kalhorn (Oct. 22, 2019)) (collectively, the "Discovery Requests"). Mr. Pham's discovery requests call for the disclosure of private and confidential information, including, but not limited to:

    a. Information concerning Dr. Kalhorn's income;

    b. Information concerning Dr. Kalhorn's business ventures, including investors or potential investors in Dr. Kalhorn's business ventures;

    c. Information concerning the structure of various entities in which Dr. Kalhorn holds an interest;

        d.   Information concerning Dr. Kalhorn's health;

        e.   Information concerning Dr. Kalhorn's employees;

        f.   Information concerning Dr. Kalhorn's finances and taxes; and

        g.   Information concerning the finances and taxes of business entities in which Dr. Kalhorn holds an interest.

4.    This lawsuit was filed by Dr. Kalhorn because Mr. Pham has engaged in a public campaign to destroy Dr. Kalhorn's reputation. Mr. Pham has accused Dr. Kalhorn of fraud, theft, "corporate identity theft," and criminal activity.

5.    Mr. Pham has not been deterred in his defamatory conduct by this lawsuit. Although stopjameskalhorn.com (the "First Website") was taken offline sometime after this lawsuit was filed, as of at least September 3, 2019, Mr. Pham had reposed his defamatory statements to another URL: jamespaulkalhorn.godaddysites.com (the "Second Website"). *See* **Exhibit 2** (Screenshots of jamespaulkalhorn.godaddysites.com, accessed Nov. 4, 2019). The Second Website contains the same defamatory narrative as the First Website. *See id.*

6.    Dr. Kalhorn has also recently learned that Mr. Pham's defamatory statements were published to investors in Las Vegas Income Properties #2, LLC. *See* **Exhibit 3** (Quarterly reports).

## ARGUMENT

7.    Mr. Pham's actions demonstrate that he will continue to disseminate defamatory and libelous statements about Dr. Kalhorn and that there is a strong likelihood that Mr. Pham will use any information disclosed in discovery to further his campaign to harm Dr. Kalhorn's reputation.

8. Dr. Kalhorn has a legitimate interest in protecting his private information concerning his finances, income, tax information, business affiliations, and health. [CITATION]

9. The entities in which Dr. Kalhorn holds an interest are private entities that have have legitimate interests in protecting their confidential business information including, but not limited to, their financial information, trade secret and other proprietary business information, ownership and management structure, and the identity of their investors. [CITATION]

10. Due to the unique risk that Mr. Pham poses to publish privileged, confidential, proprietary, and other sensitive information disclosed in discovery, and the nature of the information sought in Mr. Pham's discovery requests, Dr. Kalhorn respectfully requests that the Court enter a protective order with the following provisions:

   a. All Answers to Interrogatories, Responses to Requests for Admissions, and Responses to Requests for Production of Documents (collectively "Discovery Responses"); and all documents disclosed in response to Mr. Pham's Discovery Requests ("Responsive Documents") will be designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY";

   b. The Discovery Responses or Responsive Documents will not be disclosed to Mr. Pham in any form;

   c. To the extent Mr. Pham's attorneys wish to use any of the Confidential Information in a pleading, motion, or other document, or as evidence in this matter, the Confidential Information shall be redacted from any public filings, and unredacted copies shall be separately submitted to the Court directly via email or other means that the Court orders;

    d. Mr. Pham will only have access to the redacted version of any such documents or court-proceedings;

    e. Because the damage resulting from any public disclosure of the Confidential Information will be inherently difficult to calculate, any violation of the Court's Protective Order, by Mr. Pham or his counsel, will result in Court-ordered sanctions of $1,000 per day until the Confidential Information is clawed back, to be paid personally by the individual(s) who violated the Order;

    f. Should any Confidential Information be publicly published in a manner that it cannot be clawed back and becomes irretrievably public, the Court shall award a one-time sanction of at least $10,000 and no more than $500,000 against the violating individual(s) for each item of Confidential Information improperly published;

    g. Given the difficulty of calculating the damage done by any disclosure of Confidential Information, the Court shall resolve all doubts as to the injury and damages resulting from the disclosure in favor of Dr. Kalhorn.

11. A copy of a proposed Protective Order is filed with this Motion.

12. The proposed Protective Order will protect the legitimate interests of Dr. Kalhorn and related entities by preventing Mr. Pham from using that information to further his smear campaign against Dr. Kalhorn.

Plaintiff respectfully requests that the Court enter the proposed Protective Order filed herewith as an Order of the Court.

Submitted this 13th day of November, 2019.

                                          ROBINSON WATERS & O'DORISIO, P.C.

                                          */s/ Anthony L. Leffert*
                                          Anthony L. Leffert, CO Bar No. 12375
                                          Elizabeth Michaels, CO Bar No. 50200
                                          1099 18th Street, Suite 2600
                                          Denver, CO 80202
                                          (303) 297-2600
                                          aleffert@rwolaw.com
                                          emichaels@rwolaw.com

                                          *Attorneys for Plaintiff James Paul Kalhorn*

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2019, a true and correct copy of the foregoing was delivered via Colorado Courts E-filing System, addressed to the following:

BROWN MISCHLER, PLLC
Christopher S. Mishler
330 East Charleston Boulevard, Suite 100
Las Vegas, NV 89104
cmishler@brownmischler.com

                                          */s/ Carrie J. Gordon*