EXHIBIT 1

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 1:18-cv-01685-PAB-KMT

JAMES PAUL KALHORN,

          Plaintiff,

   v.

ANDY PHAM,

          Defendant.

---

## DEFENDANT ANDY PHAM'S FIRST SET OF INTERROGATORIES TO PLAINTIFF JAMES KALHORN

---

TO:   JAMES KALHORN, Plaintiff; and,

TO:   ANTHONY LEFFERT, Esq. and ELIZABETH MICHAELS, Esq. of ROBINSON WATERS & D'ORISIO, P.C., Plaintiff's counsel.

     Defendant ANDY PHAM, by and through his counsel, Christopher Mishler, Esq., of BROWN MISHLER, PLLC, hereby request that Plaintiff JAMES KALHORN answer in writing and under oath, within 30 days of receipt hereof, pursuant to FRCP 33, the interrogatories set forth below:

## INSTRUCTIONS

The following instructions and definitions apply to each of the following Interrogatories and shall be deemed to be incorporated into each Interrogatory:

1.    The terms "you," "your," and/or "plaintiff," when used, shall mean the plaintiff in this action and any person who is acting on his behalf, including, but not limited to, attorneys, employees, officers, representatives, experts, investigators, advisors or agents of any kind.

2.    The term "defendant," when used, shall mean the defendant in this action.

3.    The terms "document, writings and recordings" when used, shall have a meaning and definition coextensive with that contained in Federal Rule of Civil Procedure 34(a)(1), and, without limitation, shall mean any written, taped, recorded or graphic matter, however produced or reproduced, together with any attachments and annotations thereto or thereof, and any non-identical copies and all drafts of such matter, and shall include every such document known to plaintiff, whether or not in his possession, custody or control.

4.    The terms "person" or "persons," when used, shall include natural persons, corporations, governmental entities, partnerships, associations, joint ventures and sole proprietorships.  The singular and plural forms are interchangeable.  The terms "identify" or "identity," when used, shall include:

a.    When referring to a natural person, his full name, age, present or last known home and business address, his business affiliation, and

his job description during the period to which the response to the interrogatory answer refers and at present (or last known).

b.     When used with reference to a business organization or entity, the full legal name, the form of such organization or entity, the name of the jurisdiction under whose laws it was organized and the address of its principal place of business.

5.     When used with reference to a document:

a.     The type of document (e.g., letter, memorandum, etc.), its date and stated subject or general subject matter;

b.     The identity of the person in charge of preparing the document and of the person who signed the document;

c.     The date or dates of preparation thereof;

d.     The identity of each person to whom such document was distributed (or, if a document was distributed to a large class of persons, it shall be sufficient to specify the class of person to whom it was distributed);

e.     The identity of each person who presently has custody, control or possession  thereof (and, if any such document was, but is no longer, in your possession or control, state what disposition was made of it and when and why it was disposed of);

f.     Notwithstanding the foregoing, when an interrogatory asks for the identity of any document, the plaintiff may, in lieu of identifying such document, produce a copy of the document together with a statement of the interrogatory of subsection to which it responds; and

g.     When used with reference to an act, instance, transaction, occasion, oral discussion, conversation, communication or event,

the date upon which and the place where it occurred, the identity of each person who participated and who was present when it occurred, its substance (i.e., what was said and by whom and/or what transpired) and the identity of each document which, in whole or in part, was the subject of the act, etc., or in which it is manifested, referred to or expressed.

6.      The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary within the scope of the description of all responses which might otherwise be outside its scope.

7.      The term "each" includes "all."

8.      Reference to the masculine gender includes the feminine or neuter references.

9.      If Plaintiff contends that all or part of any information asked for is privileged, plaintiff shall so state and shall provide such descriptive information as is necessary to support his invocation of such privilege.

10.      Where a complete answer to a particular interrogatory is not possible, the interrogatory should be answered to the fullest extent possible and a statement should be made indicating why only a partial answer is given.

11.      At the end of and as part of your answer to each interrogatory, identify each individual who furnished any information provided in the answer and specify, by paragraph number, the particular information in the answer which the individual provided.

12.      You may answer any interrogatory by reference to the particular number and paragraph of your answer to any other interrogatory provided that, in so doing, your answer in each instance is total and complete.

13.    If you cannot answer an interrogatory after conducting a reasonable investigation, you so state and answer to the extent you can, stating what information you do have, what information you cannot provide and what efforts you have made to obtain the unknown information.

14.    All information is to be divulged which is in plaintiff's possession and control, or can be ascertained upon reasonable investigation of areas within your control.  The knowledge of plaintiff's attorney is deemed to be plaintiff's knowledge, so that, apart from privileged matters, if plaintiff's attorney has knowledge of the information sought to be elicited herein, said knowledge must be incorporated into these answers even if such information is unknown to plaintiff individually.

15.    Whenever you are unable to state an answer to these interrogatories based upon your own personal knowledge, please so state and identify the person or persons you believe to have such knowledge, what you believe the correct answer to be and the facts upon which you base your answer.

16.    Pursuant to FRCP 26(e), you shall supplement your responses according to the following:

a.    A party is under a reasonable duty to supplement his or her response with respect to any question directly addressed to (1) the identity and location of persons having knowledge of discoverable matters, and (2) the identity of each person expected to be called as an expert witness at arbitration or trial, the subject matter on which he is expected to testify, and the substance of his testimony.

b.    A party is under a reasonable duty to amend a prior response if he obtains information upon the basis of which (1) he knows that

the response was incorrect when made, or (2) he knows that the response, though correct when made, is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Have You, or any company you owned or were involved with, ever been a party to any civil action/lawsuit including bankruptcy matters? If so, identify:

1. Whether you were a plaintiff, defendant, or other;

2. The general claims and issues involved;

3. The jurisdiction where the case was filed;

4. How the case was resolved and whether You paid any money as a result.

### INTERROGATORY NO. 2:

Have You ever been arrested or charged with any crime? If so, identify:

1. The reason why you were arrested and/or the nature of any charg(es) filed;

2. The jurisdiction where the arrest occurred and/or where any charges were filed;

3. How the case was resolved and whether You were convicted of any crime.

### INTERROGATORY NO. 3:

Other than the allegations contained in Plaintiff's Verified First Amended Complaint and Jury Demand (¶ 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 32, 34, 37, 39, 42, 44, 49, and 55) do You claim that Defendant published any other false statements of fact about You upon which Your claims in this

case are based?  If yes, identify each such statement including the exact substance of the statement, to whom each statement was made, the date it was made, and how each statement affected your reputation.

**INTERROGATORY NO. 4:**

Please state the name and any known contact information (including address, phone, and email address) of every person You claim has had their opinion of You affected by Defendant's allegedly false statements (including what statement each person heard), including enough information to serve subpoenas upon these individuals, and how they became aware of Defendant's alleged statements regarding You.

**INTERROGATORY NO. 5:**

Please state the name and any known contact information (including address, phone, and email address) of every person you sought an investment from on behalf of the Alma Tequila company including enough information to serve subpoenas upon these individuals.

**INTERROGATORY NO. 6:**

Please state what ownership interest you have in Alma Tequila company including your title, role in this company, when obtained, and what your ownership interest was in exchange for. Please also provide the name and any known contact information (including address, phone, and email address) of every other person involved in this company including enough information to serve subpoenas upon these individuals.

**INTERROGATORY NO. 7:**

Regardless of whether the allegation was true, has any person, other than Defendant, ever accused You of fraudulent activities?  If so, explain the nature of the allegation, the date of the allegation, any action you took in response to each allegation, and state each such person's name and any known contact information (including address, phone, and email address).

**INTERROGATORY NO. 8:**

Have You ever been diagnosed with or sought treatment for any mental illness?  If so, identify the type of illness or disease and the name and contact information for any medical providers who provided treatment.

**INTERROGATORY NO. 9:**

For Your current cell phone and any other cell phone You have used in the past five (5) years, state:

      1.  Your cell phone number(s);

      2.  The name of the cell phone service provider for each number.

**INTERROGATORY NO. 10:**

For Your current email account and any other email accounts You have used in the past five (5) years, state:

      1.  Your email address(es);

      2.  The name of the service provider for each email address.

**INTERROGATORY NO. 11:**

State the name and contact information (including address, phone, and email address) for each person who has acted as Your personal assistant or secretary (regardless of actual job title, if any) within the past five (5) years.

**INTERROGATORY NO. 12:**

Have you ever used the Nevada Secretary of State website to:

1) change the name of the managing member of Caballos De Oro Estates, LLC from Andy Pham to yourself;

2) change the listed address for the managing member of Caballos De Oro Estates, LLC;

3) made any change to information relative to Caballos De Oro Estates, LLC; or

4) observed any other person make the aforementioned changes?

If YES, please list the date and nature of the change as well as the name of the person making the change.

**INTERROGATORY NO. 13:**

Explain why You believe that Defendant's alleged defamatory statements are in fact untrue.

**INTERROGATORY NO. 14:**

Identify any and all facts, information, or other evidence that You have showing that Defendant (and not a third party) made any of the statements which give rise to Your claims in this case.  If none, so state.

**INTERROGATORY NO. 15:**

Explain, in detail, any and all facts which You believe demonstrate that Your claims against Defendant are not barred by the Communications Decency Act, 47 U.S.C. § 230(c)(1).

**INTERROGATORY NO. 16:**

Identify and quantify any and all damages You allege were caused by each of Defendant's allegedly defamatory statements.

**INTERROGATORY NO. 17:**

Explain each source of income You currently have or previously had over the past five (5) years.  For each source state:

1. The nature of the source (i.e., payment for services performed, income from investments, income from business, gambling winnings, etc.);
2. The name and contact information for each source;
3. The amount received per year from each source.

**INTERROGATORY NO. 18:**

Has any person or business informed You that they would not do business with You as a result of the statements which give rise to the claims in this case?  If so, state the name and any known contact information (including address, phone, and email address) of each such person as well as how each person became aware of the allegedly defamatory statements. Include the exact dollar amount lost from each person or business, and for what services, payments, or investment.

DATED this 22nd day of October, 2019

BROWN MISHLER, PLLC

 /s/ Christopher Mishler
CHRISTOPHER S. MISHLER
330 E. Charleston Blvd., Ste 100
Las Vegas, Nevada 89104

## CERTIFICATE OF SERVICE

I certify that on this this 22nd day of October, 2019, the foregoing **DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF** was electronically served via email on Plaintiff's counsel of record.

Anthony L. Leffert:  aleffert@rwolaw.com, cgordon@rwolaw.com, emichaels@rwolaw.com

Christopher Scott Mishler:  cmishler@brownmishler.com

*/s/ Christopher Mishler*
BROWN MISHLER, PLLC

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 1:18-cv-01685-PAB-KMT

JAMES PAUL KALHORN,

             Plaintiff,

    v.

ANDY PHAM,

             Defendant.

---

## DEFENDANT ANDY PHAM'S FIRST SET OF REQUESTS FOR ADMISSION TO PLAINTIFF JAMES KALHORN

---

TO:   JAMES KALHORN, Plaintiff; and,

TO:   ANTHONY LEFFERT, Esq. and ELIZABETH MICHAELS, Esq. of ROBINSON WATERS & D'ORISIO, P.C., Plaintiff's counsel.

    Defendant, ANDY PHAM, hereby requests that Plaintiff, JAMES KALHORN, within thirty (30) days after service of these Requests for Admission, as required by FRCP 36, for the purpose of this action and subject to all pertinent objections to admissibility which may be imposed at the trial, submit admissions to the truth of the following facts:

**REQUEST FOR ADMISSION NO. 1**:

Admit that you disseminated the allegedly defamatory statements at issue in this case to other individuals.

**REQUEST FOR ADMISSION NO. 2**:

Admit that your reputation has not been hurt as a result of the allegedly defamatory statements at issue in this case.

**REQUEST FOR ADMISSION NO. 3**:

Admit that you have not personally suffered a loss of income as a result of the allegedly defamatory statements at issue in this case.

**REQUEST FOR ADMISSION NO. 4**:

Admit that your dental practice, Jade Dental Professionals, has not suffered a loss of income as a result of the allegedly defamatory statements at issue in this case.

**REQUEST FOR ADMISSION NO. 5**:

Admit that Alma Tequila has not suffered a loss of income, or investment, as a result of the allegedly defamatory statements at issue in this case.

**REQUEST FOR ADMISSION NO. 6**:

Admit that you changed the Nevada Secretary of State information for Caballos De Oro Estates, LLC.

**REQUEST FOR ADMISSION NO. 7**:

Admit that you did take loans secured by the parcel of land owned by Caballos De Oro Estates, LLC.

**REQUEST FOR ADMISSION NO. 8**:

Admit that you never made a single payment toward the loans referenced in Request #7 above.

**REQUEST FOR ADMISSION NO. 9**:

Admit that you never paid property taxes for the parcel of land owned by Caballos De Oro Estates, LLC.

DATED this 22nd day of October, 2019

> BROWN MISHLER, PLLC
>
>  /s/ Christopher Mishler
> CHRISTOPHER S. MISHLER
> 330 E. Charleston Blvd., Ste 100
> Las Vegas, Nevada 89104

## CERTIFICATE OF SERVICE

I certify that on this this 22nd day of October, 2019, the foregoing **DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFF** was electronically served via email on Plaintiff's counsel of record.

Anthony L. Leffert:  aleffert@rwolaw.com, cgordon@rwolaw.com, emichaels@rwolaw.com

Christopher Scott Mishler:  cmishler@brownmishler.com


*/s/ Christopher Mishler*
BROWN MISHLER, PLLC

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 1:18-cv-01685-PAB-KMT

JAMES PAUL KALHORN,

        Plaintiff,

   v.

ANDY PHAM,

        Defendant.

---

## DEFENDANT ANDY PHAM'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF JAMES KALHORN

---

TO:   JAMES KALHORN, Plaintiff; and,

TO:   ANTHONY LEFFERT, Esq. and ELIZABETH MICHAELS, Esq. of

ROBINSON WATERS & D'ORISIO, P.C., Plaintiff's counsel.

       Pursuant to FRCP 34, Defendant ANDY PHAM, by and through his counsel, Christopher Mishler, Esq., of BROWN MISHLER, PLLC, hereby requests that Plaintiff, JAMES KALHORN, produce the following documents, writings, things tangible, and information within thirty (30) days from the date of these requests at BROWN MISHLER, PLLC, 330 E Charleston Blvd., Ste. 100, Las Vegas, Nevada 89104, all documents in the possession, custody, or

control of Plaintiff, or otherwise available to Plaintiff, which are responsive to the requests contained in the numbered paragraphs below.

Please specify which documents are produced in response to each of the numbered paragraphs. These requests shall be deemed continuing so as to require further and supplemental production should the requested party obtain additional documents which are responsive to this request subsequent to the time of initial production and inspection.

## INSTRUCTIONS AND DEFINITIONS

1.    As used herein, "document" shall mean any and all written, printed, typed, or recorded materials, and graphic matter, however produced or reproduced, formal or informal, whether for internal or external use, including (but not limited to) records, reports, correspondence, letters and memoranda, computer data files, or drafts of any of the above, in the possession, custody, or control of you or your officers, directors, employees, your attorneys, your agents, your insurance carriers, or anyone else acting on your behalf or otherwise subject to your control.

2.    If any documents otherwise required to be produced by this request are withheld, Plaintiffs shall identify each document so withheld by stating its date, author, recipients, and the reason for its withholding. If you claim any form of privilege, whether based on statute or otherwise, as a grounds for refusing to comply, in whole or in part, with this Request for Production of Documents, please set forth in complete detail each and every fact and ground upon which the privilege is based, including sufficient facts for the court to make a full determination whether the claim of privilege is valid with respect to each and every document and item for which the privilege is claimed.

3.      If any of the documents herein requested were formerly in your possession, custody or control, and has been lost or destroyed, you are requested to submit in lieu of each such document a written statement which:

(a)      Describes in detail the nature of the document and its contents;

(b)      Identifies the person who prepared or authored the document and, if applicable, the person to whom the document was sent;

(c)      Specifies the date on which the document was prepared or transmitted or both;

(d)      Specifies, if possible, the date on which the document was lost or destroyed, and, if destroyed, the conditions or reasons for such destruction and the person requesting and performing the destruction.

## REQUESTS FOR PRODUCTION

**REQUEST TO PRODUCE NO. 1**:

Please produce copies of any and all documents referenced in, or supporting of, your answers to Defendant's First Set of Interrogatories.

**REQUEST TO PRODUCE NO. 2**:

Produce copies of Your personal federal income tax returns for the past five (5) years.

**REQUEST TO PRODUCE NO. 3**:

Produce copies of monthly bank account statements for any bank account that You have, or previously had, access to for the past five (5) years.

**REQUEST TO PRODUCE NO. 4**:

Produce copies of the federal tax income tax returns for your dental practice, Jade Dental Professionals, for the past five (5) years.

**REQUEST TO PRODUCE NO. 5**:

Produce copies of monthly bank account statements for any bank account that, Jade Dental Professionals, has, or previously had, access to for the previous five years.

**REQUEST TO PRODUCE NO. 6**:

Produce copies of the federal tax income tax returns for your tequila company Alma Tequila for the past five (5) years.

**REQUEST TO PRODUCE NO. 7**:

Produce copies of monthly bank account statements for any bank account that Alma Tequila has, or previously had, access to for the previous five years.

**REQUEST TO PRODUCE NO. 8**:

Produce documents reflecting the source(s) and amount(s) of any and all income You, or any entity you are affiliated with, has received for the past five years.

**REQUEST TO PRODUCE NO. 9**:

Produce documents supporting all alleged lost income You are seeking to recover in this case.

**REQUEST TO PRODUCE NO. 10**:

Excluding any documents already disclosed, produce copies of all documents You contend are evidence that You have suffered any economic loss as the result of the statements at issue in this lawsuit.

**REQUEST TO PRODUCE NO. 11**:

Produce any documents You have which You contend support your allegation that Defendant knew the statements at issue in this lawsuit were false at the time the statements were made.

**REQUEST TO PRODUCE NO. 11**:

Produce any documents You have which You contend support your allegation that Defendant acted with reckless disregard for the truth at the time he made the statements at issue in this lawsuit.

**REQUEST TO PRODUCE NO. 12**:

Produce all corporate documents for Alma Tequila, including without limitation all documents showing your ownership interest, job title, including date of incorporation, operating agreement(s), and any other documents to which you were a signatory on behalf of the company.

**REQUEST TO PRODUCE NO. 13**:

Produce all text messages and emails, for the last three (3) years, between you, your staff, employees, or family members, and:

1. David Zallar;

2. Matthias Bober;

3. Yvonne Serna; and

4. Any other person you claim has had their opinion of you affected by the allegedly defamatory statements at issue in this case.

**REQUEST TO PRODUCE NO. 14**:

Produce any documents You intend to use at trial in this case.

DATED this 22nd day of October, 2019

BROWN MISHLER, PLLC

_/s/ Christopher Mishler___
CHRISTOPHER S. MISHLER
330 E. Charleston Blvd., Ste 100
Las Vegas, Nevada 89104

## CERTIFICATE OF SERVICE

I certify that on this this 22nd day of October, 2019, the foregoing **DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF** was electronically served via email on Plaintiff's counsel of record.

Anthony L. Leffert:  aleffert@rwolaw.com, cgordon@rwolaw.com, emichaels@rwolaw.com

Christopher Scott Mishler:  cmishler@brownmishler.com


*/s/ Christopher Mishler*
BROWN MISHLER, PLLC