**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO**

Civil Action No. 1:18-CV-01685-KMT

JAMES PAUL KALHORN,

        Plaintiff,

v.

ANDY PHAM,

        Defendant

---

**PROTECTIVE ORDER**

---

      This matter comes before the Court on Plaintiff James Paul Kalhorn's Motion for Protective Order. Having reviewed the motion, response, and reply, and being fully advised on the premises, the Court GRANTS Plaintiff's motion and ORDERS as follows:

1. Definitions. For the purpose of this Order, the following definitions shall apply:

    a. The "Plaintiff" or "Dr. Kalhorn" means Plaintiff James Paul Kalhorn, DDS;

    b. The "Defendant" or "Mr. Pham" means Defendant Andy Pham;

    c. "Party" means the Plaintiff or the Defendant and their respective attorneys and representatives;

    d. "Confidential Information" means documents and other information (1) constituting or containing financial or other business or trade secret information of a proprietary, confidential, or commercially sensitive nature, or (2) concerning an individual's legitimate privacy interests. Confidential Information may include, but is not limited to:

        i. Information set forth in response to discovery requests, including initial disclosures and in response to a subpoena;

      ii. Information set forth in documents produced in response to a request for production;

      iii. Information disclosed during depositions;

      iv. Any other information disclosed by the Designating Party to any other Party, directly or through its counsel, that the Designating Party claims in good faith to be Confidential Information, if the Designating Party, before disclosure to another Party, marks the Confidential Information with the label or stamp as set forth in Paragraph 4 below. If the Confidential Information is in oral or other intangible form, the Designating Party shall identify the information as Confidential Information and, if practical, within thirty-five (35) days after disclosure reduce the Confidential Information to written form with one of the labels or stamps set forth in Paragraph 4 below; and

      v. Copies, reproductions, notes, summaries, excerpts, and compilations of or referring to any information set forth in subsections (a) through (d) above.

    e. "Designating Party" means the Party that in good faith believes documents and/or information produced or disclosed is Confidential Information;

2. Documents that contain any Confidential Information shall be stamped or labeled: "CONFIDENTIAL – Attorneys Eyes Only."

3. An inadvertent failure to designate documents and information as "Confidential Information" shall not constitute a waiver of a claim of confidentiality and may be corrected by prompt supplemental written notice within fourteen (14) days of the failure to designate, designating the documents and information as "Confidential" or "Confidential – Attorneys Eyes Only." The Designating Party and Party receiving the information shall confer regarding the most efficient method for marking the documents and information with the stamp identified in Paragraph 4, with the Designating Party to reproduce the documents and information with the appropriate stamp if the Parties are unable to reach agreement. A written notice shall identify

with specificity the information or documents that contain Confidential Information. In addition, if reasonably requested, the Party receiving the Confidential Information shall use its best efforts to retrieve any inadvertently disclosed Confidential Information from any persons to whom it gave Confidential Information and who is not otherwise entitled to see the Confidential Information.

4. The Parties have agreed that they do not intend to disclose information subject to a claim of attorney-client privilege or attorney work product protection.

    a. This Order does not impact or constitute a waiver of any Party's right to withhold or redact information protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege, protection, law, or regulation.

    b. If a disclosing Party inadvertently discloses such privileged or work product information, the Parties shall follow the procedures provided by Colo. R. Civ. P. 26(b)(5)(B). The parties further agree that they will not assert as a ground for finding a waiver of any applicable privilege, the fact that inadvertent production has occurred.

    c. With each production of documents the disclosing Party shall timely provide a privilege log that identifies any information or document withheld on the basis of privilege as provided by Colo. R. Civ. P. 26(b)(5)(A), except for work-product prepared by or at the direction of counsel after the institution of this action for purposes of the litigation and privileged communications with counsel after the institution of this action.

5. At any time after the designation of material as "Confidential – Attorneys Eyes Only," counsel for any Party may challenge the "Confidential – Attorneys Eyes Only" designation by providing written notice to counsel for the Designating Party of the documents being challenged and basis for the challenge. The Parties agree to meet and confer to try and resolve the dispute on an informal basis before presenting the dispute to the Court. If the Designating Party does not agree to withdraw the designation, the Designating Party shall move

for court-ordered protection with respect to each challenged document or set of documents within fourteen (14) days of receipt of the written notice challenging the designation. Any information that is the subject of a dispute over its confidential designation shall not be disclosed and shall be treated as Confidential – Attorneys Eyes Only until the Court resolves the dispute.

6. Information designated at "Confidential – Attorneys Eyes Only" may not be disclosed to any person other than:

   a. Counsel for the Parties and employees and agents of counsel who have responsibility for the preparation and trial of the action;

   b. Any Court having jurisdiction over this action or over witnesses involved in this action and any person employed by the Court working on this action;

   c. Consultants and experts and their staffs retained by counsel to assist in the preparation and trial of this action, who are not employees or otherwise affiliated with any of the Parties, and who first agree to be bound by the terms of this Protective Order;

   d. Court reporters and videographers employed in connection with this action and who first agree to be bound by the terms of this Protective Order;

   e. Translation, outside copying, and computer services necessary for document use and/or handling, and other litigation support personnel (e.g. graphic designers and animators) who are not employees or otherwise affiliated with any of the Parties, and who first agree to be bound by the terms of this Protective Order;

   f. Other persons only by written consent of the producing party or upon order of the Court. All such persons shall execute the certification contained in Exhibit A.

7. Information produced by Plaintiff and designated as "Confidential – Attorneys Eyes Only" shall not be produced, disclosed, or provided to the Defendant, in any form, including but not limited to originals, copies, and summaries of Confidential Information.

8. Before a Party's counsel discloses Confidential Information to any expert or consultant, the expert or consultant must certify that he or she has read this Order and agrees to be bound thereby by signing a copy of the "Certification," the form of which is attached hereto as Exhibit A. Once a person who signed the "Certificate" terminates his or her services in this litigation, he or she shall return all Confidential Information to the Party's counsel that retained him or her or execute a written representation stating that the person has securely destroyed the Confidential Information. Once a person has terminated services in this litigation, he or she will no longer be allowed access to Confidential Information unless he or she executes a new "Certification." Each "Certification" shall be retained by counsel who obtained it, and need not be produced to the Designating Party during the litigation, except as necessary in the case of a dispute concerning a violation of this Order. Within fourteen (14) days after the final conclusion of the litigation, whether by dismissal, judgment, or settlement, counsel retaining executed Certifications shall deliver to Designating Parties from whom they have obtained Confidential Information true and correct copies of all Certifications for use by Designating Parties to enforce the terms of this Order or counsel shall retain the Certifications in its records and files consistent with its firm's document retention policies. By executing this Order, counsel agree to produce executed copies of the Certifications to the Designating Party within fourteen (14) days upon receipt of a request. Expert and consultants shall not be allowed to retain copies of the Confidential Information, unless otherwise agreed or ordered.

9. Confidential Information shall be used only for the purposes of this action. Confidential Information shall not be used in any other litigation or proceeding absent a written agreement, signed by all of the Parties, or by court order.

10. Confidential Information shall not be disclosed to or used by persons other than those permitted access under Paragraph 8.

11. Each individual who receives any Confidential Information agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of this Order.

12. The recipient of any Confidential Information shall maintain the information in a secure and safe area and in a manner which ensures that access to Confidential Information is strictly limited to persons entitled to receive Confidential Information in accordance with the provisions of this Order.

13. Only persons authorized to receive or view Confidential Information shall be permitted to attend portions of depositions during which Confidential Information is disclosed. During the course of a deposition, if the response to a question would require the disclosure of Confidential Information, the witness may refuse to answer or counsel for the Designating Party may instruct the witness not to answer or not to complete his answer, as the case may be, until any persons not authorized to receive Confidential Information have left the room.

14. Any court reporter or videographer who transcribes or videotapes testimony in this action at a deposition shall be required to agree, before transcribing or videotaping any of the testimony, that all information designated Confidential Information shall not be disclosed except as provided in this Order, and that copies of any transcript, reporter's notes, videotapes, or any other transcription records of any testimony designated as Confidential Information will be retained in absolute confidence and safekeeping by the reporter or videographer or shall be delivered to an attorney of record or filed as suppressed with the Court.  The Party who notices a

deposition shall be responsible for notifying any court reporter or videographer of these obligations.

15. With respect to all motions and exhibits, the Parties and their counsel agree that when filing or opposing any motion, the parties shall file Confidential Information, or any document discussing or repeating the substance of Confidential Information, in accordance with this paragraph. The filing Party shall redact all Confidential Information from any public filing and note that the document has been redacted according to this Order. Redaction may be limited to relevant portions of a document that discusses or quotes a document that has been designated Confidential – Attorneys Eyes Only. However, any original or copy of a document that has been produced as Confidential – Attorneys Eyes Only shall be completely redacted. The filing Party shall file the redacted document(s) through the CM/ECF / PACER filing system. The original, unredacted documents shall be sent directly via email to the Court's chambers and to counsel for the parties. Counsel for Defendant shall provide Defendant only with the redacted versions of any such filings.

16. This Protective Order is not intended to address the admissibility of evidence at trial or hearings. If a Party seeks to use Confidential Information at trial or any hearing in this matter, the Party seeking to use the Confidential Information shall have the burden of making appropriate arrangements to present and admit the Confidential Information in compliance with this Order.

17. Nothing in this Order shall prevent a Designating Party from using information it designates as Confidential Information in any manner it desires.

18. Nothing in this Order shall prevent the Parties' counsel from using Confidential Information for any proper purpose arising out of or in connection with this lawsuit, including but not limited to, motions, applications, depositions, discovery requests, trials, hearings, submissions, and appeals.

19. Nothing in this Order shall be deemed to preclude any Party from seeking and obtaining, on an appropriate showing, any additional protection with respect to Confidential Information as that Party may consider appropriate.

20. All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this litigation, including all appeals, unless otherwise agreed or ordered. Counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and attorney work product that contain Confidential Information, provided they do not disclose the Confidential Information or use it for any purpose unrelated to this action except as permitted by court order or agreement with the Designating Party. Within thirty-five (35) days of the conclusion of this litigation, including time for all appeals, any person other than the Parties' counsel who has received Confidential Information under this Order shall destroy all Confidential Information that has been provided by the other Parties. Each Party shall certify in writing that all of the material has been destroyed and serve the certification on all other Parties within the time permitted for destruction.

21. If any Party or person subject to this Order receives a court order, subpoena or other process demanding production on Confidential Information, that person or Party (the "Subpoena Recipient") shall promptly notify the attorneys of the Designating Party of the document sought by the subpoena or other process or order; shall furnish those attorneys of

record with a copy of the subpoena or other process or order; and shall not interfere with respect to any procedure sought to be pursued by the Designating Party whose interests may be affected. The Designating Party shall have the burden of defending against the subpoena, process, or order.

22. The Subpoena Recipient, once sufficient notice to all interested Parties and a reasonable opportunity (but in no case less than fourteen (14) days after notice) to object has been given, shall be entitled to comply with the subpoena, discovery request, or other process order, except to the extent the Subpoena Recipient has filed for or succeeded in obtaining an order modifying, staying, or quashing the subpoena, discovery request, or other process, or to the extent the filing of the motion to modify, stay, or quash the subpoena, discovery, or other process stays the Party's obligation to comply with the request. If the return or response date for the subpoena or the compliance date for any order is less than fourteen (14) days after service, the Subpoena Recipient shall: (1) request an extension of the return or compliance date; and (2) advise the Designating Party immediately of the return or compliance date.

23. The provisions of paragraph 22 do not apply to any subpoena issued by a party related to the Subpoena Recipient. For the purpose of this order, parties related to the Subpoena Recipient include:

    a. Any person related to the Subpoena Recipient by blood or familial relation;

    b. Any person or entity with whom the Subpoena Recipient has a common interest or joint defense agreement or is pursuing a common legal strategy with the Subpoena Recipient;

    c. Any entity in which the Subpoena Recipient holds an interest (except publicly-traded entities in which the Subpoena Recipient's interest is limited to less than two-percent (2%) of the total ownership) or in which

        the Subpoena Recipient is designated as an officer, director, manager, managing member, or managing partner.

    d. Parties related to Defendant include, but are not limited to:

1. Caballos de Oro Estates, LLC, a Nevada limited liability company formed in 2005;

2. Caballos de Oro Estates, LLC, a Nevada limited liability company formed in 2013;

3. Sunbelt Nevada Properties Management II, LLC, a Nevada limited liability company;

4. Las Vegas Income Properties, LLC, a Nevada limited liability company formed in 2005;

5. Las Vegas Income Properties #2, LLC, a Nevada limited liability company formed in 2007;

6. Las Vegas Income Properties, #2, LLC, a Nevada limited liability company formed in 2008; and

7. Any other entity in which Mr. Pham or any of the above entities holds an interest (except publicly-traded entities in which Mr. Pham or the related entity's ownership interest is limited to less than two-percent (2%) of the total ownership) or in which Mr. Pham or any of the related entities is designated as an officer, director, manager, managing member, or managing partner.

24. This Order shall be without prejudice to the right of any Party to oppose production of any information on any ground allowed under Colorado law.

25. By agreeing to this Order, the Parties have not waived any applicable privilege or work product protection. Nor does this Order affect the ability of a Party to seek relief for inadvertent disclosure of privileged documents and information.

26. The agreement to the designation of Confidential Information in this Order does not constitute an admission as to the confidential nature and/or trade secret status of the

information. The designation of Confidential Information is not admissible before any trier of fact.

27. The damages that will result from any improper disclosure of Confidential Information will necessarily be difficult to calculate. Therefore, any Party, counsel of a Party, or other person who receives Confidential Information under this Order, who discloses the Confidential Information in violation of this Order, shall be subject to a liquidated damages sanction of $1,000 per day until the Confidential Information has been clawed back from the improper recipient. If the Confidential Information cannot be clawed back, the Court shall impose a liquidated damages sanction of at least $10,000 and no more than $500,000 against the Party or other recipient who improperly disclosed the Confidential Information in violation of this Order.

28. This Court retains jurisdiction even after termination of this action to enforce this Order and to make deletions from or amendments, modifications, and additions to the Order, as stipulated by the Parties and as the Court may deem appropriate from time to time. Any Party for good cause may apply, before or after termination of this action, to the Court for a modification of this Order.

SO ORDERED this _____ day of _____, 2019.

_____
The Honorable Kathleen M. Tafoya
United States Magistrate Judge

**Exhibit A to Stipulated Protective Order Concerning Confidential Information**

I, _____ (print or type name) hereby certify that I have read the Protective Order in the action *James Paul Kalhorn v. Andy Pham*, Civil Action No. 1:18-01685-KMT (D. Colo); that I understand the terms and effect of that Order; and that I agree to be bound by it. I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado in connection with the Order.

I understand that all Confidential Information, as defined in the Order, including, any copies or notes or other transcriptions, shall be maintained in a secure manner and shall be returned upon the first of (1) termination of my services in this action, or (2) thirty-five (35) days following the termination of this litigation, including all appeals.

Dated:

Signature:

Printed Name:

Full Address: